UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                CRIMINAL ACTION

VERSUS                                  NO: 09-312

WILLIE BRAZIEL, JR.                     SECTION: R

**ORDER**

Willie Braziel submitted a motion to vacate his sentence pursuant to Title 28 U.S.C. § 2255. Braziel asserts that the new Fair Sentencing Act (FSA), which Congress enacted on August 3, 2010, applies to his case and that his sentence to the pre-FSA mandatory minimum term of 60 months should be vacated.[1] The government agrees that the FSA applies and that Braziel should be resentenced in accordance with the FSA.[2] Because the Court finds that Braziel should be sentenced under the FSA, the Court GRANTS the motion to vacate and ORDERS that a re-sentencing hearing be scheduled for December 19, 2012, at 2:00 p.m.

**I. BACKGROUND**

On September 25, 2009, Braziel was indicted with one count of knowingly and intentionally distributing 5 grams or more of cocaine base on July 2, 2009.[3] Braziel pleaded guilty as charged

---

[1] R. Doc. 45.

[2] R. Doc. 47.

[3] R. Doc. 1.

on March 26, 2010.[4] The factual basis indicated that Braziel distributed a total net weight of 8 grams of crack.[5] On November 17, 2010, the Court sentenced Mr. Braziel to the pre-FSA mandatory minimum of 60 months.[6]

**II. LEGAL STANDARD**

Section 2255 of Title 28 of the United States Code provides that a federal prisoner serving a court-imposed sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). As with the writ of habeas corpus, see 28 U.S.C. §§ 2241, 2254, only a narrow set of claims is cognizable on a section 2255 motion. The statute identifies four bases on which a motion may be made: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence exceeds the statutory maximum sentence; or (4) the sentence is "otherwise subject to collateral attack." 28 U.S.C. § 2255(a). A claim of error that is neither constitutional nor jurisdictional is not cognizable in a section 2255 proceeding unless the error constitutes "a fundamental defect which inherently results in a complete

---

[4] R. Doc. 25.

[5] R. Doc. 23.

[6] R. Doc. 39.

miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979).

The district court must first conduct a preliminary review of a section 2255 motion. "If it plainly appears from the motion, any attached exhibits, and the record of the prior proceeding that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4(b). If the motion raises a non-frivolous claim to relief, the court must order the Government to file a response or to take other appropriate action. *Id.* The judge may then order the parties to expand the record as necessary and, if good cause is shown, authorize limited discovery. *Rules Governing Section 2255 Proceedings*, Rules 6-7.

After reviewing the Government's answer, any transcripts and records of prior proceedings, and any supplementary materials submitted by the parties, the Court must determine whether an evidentiary hearing is warranted. *Rules Governing Section 2255 Proceedings*, Rule 8. Under the statute, an evidentiary hearing must be held unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No evidentiary hearing is required, however, if the prisoner fails to produce any "independent indicia of the likely merit of [his] allegations." *United States*

*v. Edwards*, 442 F.3d 258, 264 (5th Cir.2006) (quoting *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir.1998)).

Ultimately, the petitioner bears the burden of establishing his claims of error by a preponderance of the evidence. See *Wright v. United States*, 624 F.2d 557, 558 (5th Cir.1980). For certain "structural" errors, relief follows automatically once the error is proved. *See Burgess v. Dretke*, 350 F.3d 461, 472 (5th Cir.2003). For other "trial" errors, the court may grant relief only if the error "had substantial and injurious effect or influence" in determining the outcome of the case. *Brecht v. Abrahmson*, 507 U.S. 619, 637 (1993); see also *United States v. Chavez*, 193 F.3d 375, 379 (5th Cir.1999) (applying *Brecht's* harmless error standard in a § 2255 proceeding). If the Court finds that the prisoner is entitled to relief, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255(b).

**III. DISCUSSION**

On August 3, 2010, Congress enacted the Fair Sentencing Act reducing the crack-to-powder cocaine disparity from 100-1 to 18-1. 124 Stat. 2372. The amount of crack triggering the 5-year mandatory sentence was changed from 5 grams to 28 grams. 21 U.S.C.A. § 841. On October 19, 2011, in *United States v. Tickles*, 661 F.3d 212, 215 (5th Cir. 2011), the Fifth Circuit held that

4

"the penalties prescribed by the FSA do not apply to federal criminal sentencing for illegal conduct that preceded the FSA's enactment." The *Tickles* decision was abrogated on June 21, 2012, when the Supreme Court held in *Dorsey v. United States*, ___ U.S.___, 132 S. Ct. 2321 (2012), that the FSA's new, more lenient mandatory minimum sentencing provisions apply to defendants sentenced after August 3, 2010, including defendants whose conduct occurred prior to the FSA's enactment.

Braziel qualifies for relief pursuant to the Supreme Court's decision in *Dorsey*. His offense conduct occurred before the effective date of the FSA, but, he was sentenced on November 17, 2010, after its enactment, and the Court applied the old, pre-FSA mandatory minimum.

Braziel has submitted a notarized affidavit waiving his right to be physically present at his resentencing. In accordance with Federal Rule of Criminal Procedure 43(c)(2), he will participate in the resentencing hearing via video conference.

**IV. CONCLUSION**

For the forgoing reasons, the Court GRANTS Braziel's motion and schedules a resentencing hearing for December 19, 2012, at 2:00 p.m.

**New Orleans, Louisiana, this \_\_12th\_\_ day of December, 2012.**

*Sarah Vance*
**SARAH S. VANCE
UNITED STATES DISTRICT JUDGE**